J-S43001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE RIOS-CRUZ | : | |
| | : | |
| Appellant | : | No. 1916 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 28, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003990-2021

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:         **FILED FEBRUARY 5, 2026**

Jose Rios-Cruz appeals from the judgment of sentence entered after he was convicted of rape of a child and unlawful contact with a minor. He challenges the trial court's failure to declare a mistrial based on part of the prosecutor's opening statement. We affirm.

On March 4, 2021, police charged Rios-Cruz with crimes against N.R., a juvenile member of his extended family. The case proceeded to jury trial on October 18 and 19, 2023.

The first day of trial began with opening instructions from the trial court and opening statements from the parties. The prosecutor, in her opening statement, first described the charges the Commonwealth sought to prove at trial and then addressed the burden of proof. During this explanation, Rios-Cruz's counsel objected, and the trial court instructed the prosecutor not to present argument during the opening statement. Rios-Cruz requested a

sidebar. The trial court indicated it would hear the matter during a break in trial. The prosecutor finished the opening statement.

> [The prosecutor]: . . . But before I sit down I want to make it clear, and the Judge did as well, but the burden rests solely on me. I am the Commonwealth. I bring the charges.
>
> [Defense counsel] doesn't even need to stand up here and say anything to you at all. And he can get up now at the end and say my client is not guilty. And that is within his right and the defendant's right. Absolutely. But if [defense counsel] does decide to talk to you and if he decides to cross-examine the witnesses, pay attention to the question that he's asking with that same common sense framework that you would from my questions, right? And that you would for any witness that takes the stand.
>
> And if [defense counsel] does get up and talk to you -- I have a good feeling he might talk to you about reasonable doubt. Reasonable doubt is the standard of law in which we work in every criminal case, in every courtroom, in every city, in every county, and every state in this country. Every single criminal case is guided by the standard of reasonable doubt. **Reasonable doubt is not beyond all doubt.** Okay? **And a trial is not a search for doubt. A trial is a search for the truth.** And at the end of this case, after you meet [N.R.] --
>
> [Defense counsel]: Your Honor, I'm going to object.
>
> THE COURT: I mean, I understand. No argument, please.
>
> [The prosecutor]: Okay.
>
> And at the end of this trial I'm going to stand up --
>
> [Defense counsel]: Your Honor, can we see you [at] sidebar briefly?
>
> THE COURT: No. I'll talk to you on a break.
>
> [Defense counsel]: Okay.
>
> [The prosecutor]: At the end of this trial I'm going to stand up here and I'm going to ask you after listening to [N.R.] and after looking at all the testimony to render the only verdict that would

be fair. And the only verdict that is supported by the evidence. And that would be to ask you to find the defendant guilty of all charges.

Thank you.

N.T., 10/18/23, at 32–34 (emphasis added). Rios-Cruz then gave his opening statement.

The Commonwealth began its case with N.R.'s testimony. At one point, Rios-Cruz objected to a statement by N.R. and asked for a sidebar. The trial court sustained the objection, struck the objected-to testimony, and again stated that it would hear the matter during a break.

The trial court announced the morning break later during N.R.'s direct examination. Outside the presence of the jury, the court addressed both matters for which defense counsel had requested a sidebar. Rios-Cruz moved for a mistrial for two reasons.

[Defense counsel]: Your Honor, I'm going to move for a mistrial.

THE COURT: Okay. State your grounds.

[Defense counsel]: Your Honor, the Commonwealth --

[THE COURT]: And there were two instances when you wanted to speak. But to keep the flow of things going, I told you that we would deal with it on a break. One was during the opening statement of the Prosecutor and then during the examination of [N.R.].

[Defense counsel]: Yes.

THE COURT: So speak to me as to both.

*Id.* at 75–76.

After Rios-Cruz addressed the issue from N.R.'s testimony, he explained his objection to the Commonwealth's opening statement. The trial court indicated it would provide a curative instruction:

> [Defense counsel]: The other ground is that I think the Commonwealth misstated the law as to reasonable doubt [and] the purpose of the trial. [The] Commonwealth stated that a reasonable doubt isn't beyond all doubt, which I believe is contradictory to the instruction Your Honor gave and the purpose of the trial, which finds the truth, which is to be frank, is not the purpose of the trial.
>
> The purpose of the trial is to say whether or not it is beyond a reasonable doubt. The truth is not at issue. So I would like a curative on that.
>
> THE COURT: Yeah. I'm happy to do a jury instruction. You are correct. To state that the purpose of the trial is not a search for doubt, but that it is instead a search for the truth. That's argument. That's pure argument. And it doesn't belong in an opening statement.
>
> And so I will instruct the jury when they come back that I will explain to them what reasonable doubt is. And at the end of the trial -- and then to the extent that anyone has frame[d] that for them, that they should disregard that. And that my definition, it's a legal question that I'll direct them on.
>
> So I'll give a curative as to that.

*Id.* at 77–78. The trial court denied Rios-Cruz's motion for a mistrial.

The jury entered the courtroom, and the court promptly provided the curative instruction it had indicated.

> THE COURT: Hello, again, members of the jury []. A couple of things; opening statements that you heard. Opening statements are an outline of the evidence of what [the p]rosecutor and the defense attorney think [it] is going to be. They are not argument. So at the end of the case the lawyers will come back before you and they will argue. Like that's pure argument. And that's permissible. But at this juncture, like with the opening

- 4 -

statements, it's not supposed to be argument. It's supposed to be just an outline of the evidence.

And then there was some discussion of what is reasonable doubt and what is the purpose of the trial. I will instruct you. When you decide the facts, I give you the law. So I'm going to tell you at the end of the case the definition of reasonable doubt. So just wait on that. You heard about it, but just wait. I will give you that instruction. And what I say about reasonable doubt, that's the law. And that's what you should follow.

*Id.* at 85–86.

The Commonwealth and Rios-Cruz completed their cases-in-chief. The jury found Rios-Cruz guilty of rape of a child and unlawful contact with a minor.

On June 28, 2024, the trial court sentenced Rios-Cruz to an aggregate term of 18 to 36 years of confinement, followed by 3 years of probation.

Rios-Cruz timely appealed. Rios-Cruz and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Rios-Cruz maintains one issue on appeal:

Whether the trial court abused its discretion by denying Mr. Rios-Cruz's motion for a mistrial, where, during the Commonwealth's opening statement, the prosecutor distorted the fundamental principles of a criminal trial.

Rios-Cruz's Brief at 2.

As to this issue, the trial court reasoned that there was no manifest necessity to declare a mistrial because when Rios-Cruz objected, the court immediately instructed the prosecutor: "No argument, please." The trial court notes that it correctly instructed the jury about the purpose of opening statements and the burden of proof in a criminal trial.

Rios-Cruz argues that the prosecutor's remarks in her opening statement tainted the entire trial. He submits that the requested curative instruction, given after the morning break and during N.R.'s testimony, was too late and too vague to correct the unfair prejudice to the jury.

The Commonwealth initially argues that Rios-Cruz never moved for a mistrial based on the opening statement. If he had, the Commonwealth contends that the curative instruction was sufficient to negate any unfair prejudice.

As a threshold matter, we reject the Commonwealth's position that Rios-Cruz did not preserve his issue. "When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed." Pa.R.Crim.P. 605(B). A defendant who fails to make a timely request for a mistrial waives a claim that the trial court should have declared a mistrial. *E.g.*, *Commonwealth v. McAndrews*, 430 A.2d 1165, 1167 (Pa. 1981). Here, Rios-Cruz promptly objected to the prosecutor's language in her opening statement; when Rios-Cruz requested a sidebar, the trial court ruled that the matter would be addressed on a break. At the morning break, Rios-Cruz moved for a mistrial for two grounds, one of which was the opening statement. Rios-Cruz also asked for a curative instruction. Although the trial court provided a curative instruction, it denied Rios-Cruz's motion for a mistrial. From this procedure, Rios-Cruz preserved his mistrial issue.

We thus address the merits of Rios-Cruz's issue. We review the denial of a mistrial for an abuse of discretion. *Commonwealth v. Kearney*, 341 A.3d 774, 783 (Pa. Super. 2025). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused." *Commonwealth v. Chamberlain*, 30 A.3d 381, 422 (Pa. 2011) (quoting *Commonwealth v. Wright*, 961 A.2d 119, 142 (Pa. 2008)).

> The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury, and as such, the grant or denial of a mistrial will not be overturned absent an abuse of discretion. A mistrial may be granted only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. Likewise, a mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice.

*Kearney*, 341 A.3d at 783–84 (quoting *Commonwealth v. Rega*, 933 A.2d 997, 1016 (Pa. 2007)). In determining whether a new trial is warranted based on prejudice to a jury, we note that a "jury is presumed to follow the court's instructions." *Commonwealth v. Jones*, 668 A.2d 491, 504 (Pa. 1995).

Here, Rios-Cruz fails to persuade us why the denial of a mistrial was an abuse of the trial court's discretion. Fundamentally, Rios-Cruz does little to explain how the prosecutor's statements were prejudicial, such that they "misled the jury and tainted the entire trial." Rios-Cruz's Brief at 11. The prosecutor's statement, "Reasonable doubt is not beyond all doubt," reflects longstanding case law as well as the jury instruction the trial court ultimately

provided. **Commonwealth v. Holt**, 39 A.2d 372, 387 (Pa. 1944); **see** N.T., 10/19/23, at 53–54 ("Although the Commonwealth has the burden of proving the Defendant is guilty, this does not mean [the] Commonwealth must prove its case beyond all doubt or to a mathematical certainty."). The prosecutor's next statement, "a trial is not a search for doubt. A trial is a search for the truth," is argument about the purpose of trial. As the trial court recognized, this argument is impermissible in an opening statement.

To the extent that the prosecutor's argument was prejudicial, the trial court did not abuse its discretion by issuing curative instructions instead of declaring a mistrial. A jury is presumed to follow instructions, including curative instructions. **Jones**, 668 A.2d at 503–04. Rios-Cruz does not rebut this presumption with his contention that the instruction after the break was too late and too vague. From the transcript, it appears that the court provided the long instruction about an hour after the allegedly prejudicial statement.[1] However, when Rios-Cruz objected to the statement, the trial court immediately instructed: "No argument, please." Furthermore, the curative instruction was tailored to the content of the prosecutor's statement: "there was some discussion of what is reasonable doubt and what is the purpose of the trial." The trial court indicated it would tell the jury the law on reasonable

_____

[1] The jury first entered the courtroom at 10:23 a.m., the trial court gave opening instructions, the Commonwealth and Rios-Cruz presented opening statements, and the Commonwealth started to examine N.R. before the jury left the courtroom for a morning break at 11:27 a.m. The trial court gave the requested curative instruction when the jury reëntered the courtroom at 11:42 a.m.

doubt at the conclusion of trial. The court did just that. We discern no abuse of discretion from the trial court's denial of Rios-Cruz's motion for a mistrial. This issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/5/2026